IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02042-BNB

KEVIN A. PETERSEN,
JAMES P. EVANHOE,

    Plaintiffs,

v.

WARREN MILLER,
ANDY PEARSON,
MICHAEL A. MILLER,
NICOLE G. KRIEGER,
STACEY MILLER,
BRIAN GARDNER,
JOSPEH J. SCHELLER,
JAMES K. LUBING,
GARY FAIRHURST,
RYAN THOMAS COMBS,
BRIAN E. HULTMAN,
MICHELLE WEBER, and
NEAL C. NETHERCOTT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 7 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFFS TO FILE SECOND AMENDED COMPLAINT

Plaintiffs, Kevin A. Petersen and James P. Evanhoe, initiated this action by filing a *pro se* Complaint on August 16, 2010. On August 24, 2010, Magistrate Judge Boyd N. Boland ordered the Clerk of the Court to commence a civil action and ordered Plaintiffs to cure certain deficiencies. Specifically, he ordered Plaintiffs to file separate properly notarized Motions and Affidavits for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint on the Court-approved form. Plaintiffs filed one copy of their

amended complaint on September 22, 2010; filed a second copy on October 1, 2010;[1] and filed two Motions and Affidavits for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on October 4, 2010. Plaintiffs were granted leave to proceed *in forma pauperis* by order dated October 4, 2010.

The Court must construe the amended complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be directed to file a second amended complaint.

First, Plaintiffs assert jurisdiction pursuant to 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1332, 28 U.S.C. § 1335 and 28 U.S.C. § 1331, but they do not clarify which claims are asserted pursuant to which statute. Nonetheless, to the extent they are attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241 and 242, they seek to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. They may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that

---

[1] The Court notes that the Plaintiffs unnecessarily filed many identical copies of their amended complaint. The September 22 amended complaint appears to have been faxed to the Court, while the October 1 amended complaint was apparently mailed to the Court along with twenty-two additional copies. Plaintiffs are directed that they need only file *one copy* of their second amended complaint by either mail or fax, but not both.

2

in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent they are attempting to do so, Plaintiffs lack standing to maintain a criminal action. Accordingly, in the second amended complaint, Plaintiffs are directed that they do not have standing to assert or maintain criminal claims against any of the named defendants.

Further, the Court has reviewed the amended complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

3

rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiffs fail to set forth a short and plain statement of their claims showing that they are entitled to relief. Apparently in lieu of asserting claims for relief, Plaintiffs have included eleven numbered paragraphs in the background section of their amended complaint that appear to assert numerous and varied allegations against many different defendants. Further, the background section consists of a rambling and nearly unintelligible time line of events, apparently in relation to Plaintiff Petersen's criminal conviction. Plaintiffs set forth an extended and unnecessary discussion of often insignificant details and legal argument in their amended complaint rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint is unnecessarily verbose and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Plaintiffs' responsibility to present their claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Plaintiffs must allege, simply and concisely, their specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated their rights. In the second amended complaint, Plaintiffs are directed that they must identify which claims are asserted pursuant to what statutory authority.

Finally, in order to state a claim in federal court, Plaintiffs "must explain what

4

each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Plaintiffs will be given an opportunity to cure the deficiencies in their amended complaint by submitting a second amended complaint that complies with Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that Plaintiffs, Kevin A. Petersen and James P. Evanhoe, **within thirty (30) days from the date of this order**, file a second amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and *one copy* shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiffs, together

with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Complaint. It is

FURTHER ORDERED that, if Plaintiffs fail to file a second amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED October 7, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02042-BNB

Kevin A. Peterson
PO Box 30,000 - PMB 418
Jackson, WY 83002

James P. Evanhoe
PO Box 30,000 - PMB 418
Jackson, WY 83002

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 10/7/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk